IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.

PAUL McCLAIN,

        Plaintiff,

v.

VOLKSWAGEN GROUP OF AMERICA, INC., a corporation; VOLKSWAGEN AKTIENGESELLSCHAFT, a business entity, form unknown; and DOES 1 through 10, inclusive,

        Defendants.

**NOTICE OF REMOVAL**

TO: THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLORADO

        PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant Volkswagen Group of America, Inc. ("VWGoA") hereby removes this action, Case No. 2016CV31591, District Court, Arapahoe County, State of Colorado, to the United States District Court for the District of Colorado on the ground that there is federal-question jurisdiction under 28 U.S.C. § 1332 and diversity jurisdiction under 28 U.S.C. § 1331. In support of removal, VWGoA states as follows:

**PROCEDURAL BACKGROUND**

        1.        On June 27, 2016, Plaintiff Paul McClain ("Plaintiff") filed a complaint in the above-captioned action in the District Court, Arapahoe County, Case No. 2016CV31591 ("State Court Action"). In accordance with 28 U.S.C. § 1446(a) and D.C.COLO.LCivR 81.1, true and

correct copies of the Complaint and District Court Civil Case Cover Sheet are attached hereto as Exhibits 1 and 2, respectively.

2. VWGoA was served in California on August 1, 2016. A true and correct copy of the Notice of Service of Process and the District Court Civil Summons is attached hereto as Exhibit 3.

## GROUNDS FOR REMOVAL

3. This Court has jurisdiction of this action under 28 U.S.C. §§ 1331 and 1332. As such, removal is proper because this Court has original federal question jurisdiction and diversity jurisdiction.

4. VWGoA is filing this Notice of Removal within thirty days of service of the pendency of this action. Removal of this action is, therefore, timely under 28 U.S.C. § 1446(b)(1).

5. Venue in the United States District Court for the District of Colorado is proper because the State Court Action was commenced in the District Court, Arapahoe County, Colorado.

6. Pursuant to 28 U.S.C. § 1446(d), VWGoA is serving a copy of this Notice of Removal on Plaintiff and with the Clerk of the District Court, Arapahoe County.

**A. This Court Has Power to Exercise Jurisdiction over the Subject Matter of the Complaint Because There Is Federal Question Jurisdiction**

7. Plaintiff's claims arise from his purchase or lease of a 2011 Volkswagen Jetta on April 18, 2015 (the "Subject Vehicle"). (Compl. ¶ 8.)

8. Plaintiff claims that VWGoA, Defendant Volkswagen Aktiengesellshaft ("Volkswagen AG"), and DOES 1 through 10 (collectively, "Defendants") violated the Colorado

Consumer Protection Act ("CCPA"), Colo. Rev. Stat. § 6-1-101 *et seq.*, and the Colorado Uniform Commercial Code ("UCC"), Colo. Rev. Stat. § 4-2-101 *et seq.* (*See id.* ¶¶ 22-42.)

9. The following allegations are essential to Plaintiff's state-law claims:

    a. Defendants represented the Subject Vehicle as a diesel-powered vehicle capable of achieving 40 miles per gallon on the highway and capable of outperforming all other vehicles in gasoline mileage while emitting 25 percent fewer emissions into the air. (Compl. ¶ 8.)

    b. Defendants knew the Subject Vehicle had a "defeat device" that caused it to "emit up to 40 times the quantity of nitrogen oxides allowed for by state and federal emissions standards" and that the Subject Vehicle could not pass emissions standards without the defeat device embedded in the subject vehicle. (*Id.* ¶¶ 8, 10, 36.)

    c. The Subject Vehicle "is one of thousands of automobiles introduced into the Colorado market that flagrantly violate federal emissions standards." (*Id.* ¶ 10.)

    d. Defendants' conduct violates the Environmental Protection Agency's ("EPA") emissions regulations, including 40 C.F.R. § 86.1811-04, and, by implication, the federal Clean Air Act. (*Id.* ¶¶ 8, 17, 20.)

    e. Because Plaintiff's vehicle "could not pass federal or state emissions tests without the 'defeat device,' the subject vehicle was not merchantable on the day of purchase" and Defendants breached the implied warranty of merchantability. (*Id.* ¶ 8.)

    f. The sale of Plaintiff's vehicle "was accompanied by express warranties, including affirmations of fact and descriptions of the vehicle regarding its ability to meet emissions standards," which Defendants breached. (*Id.* ¶¶ 34, 36-38.)

10. Federal question jurisdiction exists over state law claims when a "plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust for S. Cal.,* 463 U.S. 1, 28 (1983); *see also Grable v. Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005) (explaining that a complaint alleging violations of state law is removable under federal question jurisdiction if "a state-law claim necessarily raise[s] a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities."). Federal courts further recognize that a plaintiff "cannot thwart federal court jurisdiction by simply pleading only state-law claims when 'federal questions [ ] are essential elements of [its] claim[s]." *Devon Energy Prod. Co., L.P. v. Mosaic Potash Carlsbad, Inc*., 693 F.3d 1195, 1203 (10th Cir. 2012) (quoting *Turgeau v. Admin. Review Bd.*, 446 F.3d 1052, 1060 (10th Cir. 2006)) (alterations in original). Accordingly, under the "artful pleading doctrine," federal courts retain jurisdiction over a state-law claim if "there is a substantial, disputed federal-law issue necessarily embedded in [the plaintiff's] state-law claims." *Id*. at 1203-04; *see also Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 27-28 (1983) (federal-question jurisdiction exists when "plaintiff's right to relief depends on the resolution of a substantial question of federal law").

11. Plaintiff's action is based upon allegations concerning a widely-publicized EPA Notice of Violation, dated September 18, 2015, concerning the alleged-installation of emissions testing "defeat devices" in certain Volkswagen and Audi diesel vehicles, which allegedly violates emissions standards under the federal Clean Air Act. (*See* Compl. ¶¶ 17-18.)

4

12.     Although the Complaint alleges only claims for relief under state law, Plaintiff's two claims implicate substantial questions of federal law. Specifically, both require resolution of whether and/or the extent to which Defendants violated federal law and EPA regulations by their alleged use of a "defeat device" and, if so, what the remedy should be for such violations. (*See, e.g.*, *id*. ¶ 20 ("[D]efendants knowingly and willfully sold the subject vehicle to them knowing the vehicle did not comply with EPA emissions regulations").) Indeed, without the alleged violation of the federal Clean Air Act and related EPA regulations, Plaintiff would have no state-law claims to assert under the alleged facts.

13.     In the wake of the Notice of Violation, plaintiffs across the country filed dozens of putative class actions and individual actions in federal court against VWGoA, Volkswagen AG, Audi of America, and/or other related entities (collectively, the "Volkswagen Defendants"), including two class actions and one individual action in this District. Every case requests damages based on the allegations that VWGoA installed "defeat devices" in vehicles purchased by plaintiffs in violation of the Clean Air Act and federal emissions standards and/or otherwise violated the applicable federal emissions standards. Indeed, Plaintiff's Complaint was copied nearly verbatim from at least one of these federal actions. *Compare* Compl. ¶ 9 ("This case addresses nothing less than one of the most deliberate and blatant frauds to be perpetrated on the marketplace and on a sovereignty by an international automotive conglomerate in history."), *with* Compl. ¶ 1, *Armstrong v. Volkswagen Grp. of Am., Inc.*, No. 2:15-cv-07085-JLL-JAD, ECF No. 1 (D.N.J. Sept. 24, 2015) ("This case addresses nothing less than one of the most deliberate and blatant frauds to be perpetrated on the marketplace and on a sovereignty by an international automotive conglomerate in history.").

5

14. On December 8, 2015, the Judicial Panel on Multidistrict Litigation ("JPML") issued an order transferring the hundreds of pending federal court actions to the Northern District of California (Breyer, J.) for coordinated and/or consolidated pre-trial proceedings. In its order, the JPML noted that "the actions in this litigation involve common questions of fact, and . . . centralization in the Northern District of California will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation." To date, nearly 1200 cases have been transferred to the MDL.

15. An initial conference in the MDL was held on December 22, 2015. Judge Breyer appointed Robert S. Mueller, III as settlement master, with his role being "to use his considerable experience and judgment to facilitate settlement discussions among the various parties in these complex matters." *In Re: Volkswagen "Clean Diesel" Mktg., Sales Practices & Prods. Liab. Litig.*, No. 3:15-md-02672-CRB, Dkt. No. 797. At the hearing held on April 21, 2016, it was announced that the EPA, the Federal Trade Commission, the California Air Resource Board, the MDL Plaintiff, and the Volkswagen Defendants had achieved an agreement in principle as to class vehicles with 2.0 liter diesel engines, which will settle the pending disputes by addressing the technical issues relating to those vehicles, environmental concerns, and providing substantial compensation to individual owners and lessees. A written settlement agreement was presented for preliminary approval on June 28, 2016. On July 26, 2016, the MDL court granted preliminary settlement approval and preliminarily certified a nationwide settlement class that includes all owners or lessees of a Volkswagen or Audi 2.0-liter TDI vehicle.

16. This case, and many like it, belongs in the MDL. The Complaint, like others in the MDL (including the *Armstrong* action that this Complaint duplicates), is based inextricably

on federal law in the Clean Air Act and related emissions regulations. Plaintiff's claims are properly removable to this Court and should be adjudicated in the MDL established in the Northern District of California, which now includes nearly 1200 actions asserting virtually identical claims against VWGoA and/or Volkswagen AG. It would not further judicial efficiency to allow forum shopping by many of the potentially hundreds of thousands of purchasers of these vehicles and clog up the courts of Colorado or other states.

17. Plaintiffs may not evade federal jurisdiction by simply declining to plead a federal statute where their state claims raise significant issues that implicate the meaning of a federal statute or regulations promulgated thereunder. This is particularly true here, where permitting the case to continue in state court could lead to inconsistent decisions regarding a federal question. "Where the resolution of a federal issue in a state-law cause of action could, because of different approaches and inconsistency, undermine the stability and efficiency of a federal statutory regime, the need for uniformity becomes a substantial federal interest, justifying the exercise of jurisdiction by federal courts." *Ormet Corp. v. Ohio Power Co.*, 98 F.3d 799, 807 (4th Cir. 1996).

18. Accordingly, the requirements of 28 U.S.C. § 1331 are satisfied in this case, and removal to this Court based on federal question jurisdiction is justified.

**B.   This Court Has Power to Exercise Jurisdiction over the Subject Matter of the Complaint Because There Is Diversity Between Plaintiff and Defendants and the Amount in Controversy Exceeds $75,000**

19. Removal is also proper because there is diversity of citizenship as to all parties, and the amount in controversy exceeds the sum of $75,000. 28 U.S.C. § 1332(a) ("The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds

7

the sum or value of $75,000, exclusive of interest and costs, and is between─(1) citizens of different States . . . .").

      **(a)**      **The Parties Are Citizens of Different States**

20.      Plaintiff is a Colorado citizen. (Compl. ¶ 2.)

21.      For removal purposes, a corporation is "deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1).

22.      VWGoA is incorporated under the laws of the state of New Jersey and maintains its headquarters and principal place of business in the state of Virginia, making VWGoA a citizen of both New Jersey and Virginia within the meaning of section 1332.

23.      Defendant Volkswagen AG, which has not been served, is a publicly-held German corporation with its principal place of business located in Germany. As such, Volkswagen AG is a citizen of Germany. Volkswagen AG consents to this removal without waiving any defenses it may have as to personal jurisdiction. *See, e.g., Morris & Co. v. Skandinavia Ins. Co.*, 279 U.S. 405, 409 (1929) ("Petitioner suggests that, by removal of the case to the federal court, objection to jurisdiction over the person of respondent was waived. Our decisions are to the contrary."); *Arizona v. Manypenny*, 451 U.S. 232, 242, n. 17 (1981) (removal to federal court does not waive objection to personal jurisdiction).

24.      In determining whether a civil action is removable on the basis of diversity jurisdiction, "the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441(b)(1). The inclusion of Does 1 through 10 as defendants is, therefore, irrelevant for the purpose of diversity jurisdiction.

8

25. Accordingly, the parties are citizens of different states.

**(b)     The Amount in Controversy Exceeds $75,000**

26. Under 28 U.S.C. §§ 1332(a) and 1446, the removing party must show that the amount in controversy exceeds $75,000, exclusive of interest and costs.

27. The U.S. Supreme Court recently has explained that "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014).

28. Removal is diversity jurisdiction grounds is proper if it is "*possible* that $75,000 [i]s in play." *McPhail v. Deere & Co.*, 529 F.3d 947, 955 (10th Cir. 2008). Stated another way, the case may be dismissed "[o]nly if it is 'legally certain' that the recovery (from plaintiff's perspective) or cost of complying with the judgment (from defendant's) will be less than the jurisdictional floor." *Id.* (quoting *Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 543 (7th Cir. 2006)).

29. The facts here show that the amount-in-controversy requirement is met. It is not "legally certain" that a recovery "will be less than" $75,000. *Id.*

30. In his Complaint, Plaintiff seeks a variety of damages, including rescission and repurchase of his 2011 Volkswagen Jetta, "actual, punitive and statutory damages" under the CCPA, and "all "incidental and consequential" under the Colorado U.C.C. (Compl. ¶¶ 29-30, 39-42 & Prayer for Relief.)

31. While Plaintiff does not allege what he paid for his vehicle, it has a suggested manufacturer's retail price of $26,415 (based on his Vehicle Identification Number).

9

32. The CCPA allows a plaintiff to recover "[t]hree times the amount of actual damages sustained, if it is established by clear and convincing evidence that such person engaged in bad faith conduct." Colo. Rev. Stat. § 6-1-113. "Statutory treble damages are calculated by taking the amount of benefits recovered, then multiplying that amount by three." *Mid-Century Ins. Co. v. Travelers Indem. Co. of Ill.*, 982 P.2d 310, 313 n.6 (Colo. 1999).

33. The CCPA also permits a plaintiff, if successful in establishing liability, to recover "the costs of the action together with reasonable attorneys' fees as determined by the court." Colo. Rev. Stat. § 6-1-113(2)(b) ("In the case of any successful action to enforce said liability, the costs of the action together with reasonable attorney fees as determined by the court."). "[W]hen a statute permits recovery of attorney's fees a reasonable estimate may be used in calculating the necessary jurisdictional amount in a removal proceeding based upon diversity of citizenship." *Miera v. Dairyland Ins. Co.*, 143 F.3d 1337, 1340 (10th Cir. 1998); *see also Woodmen of World Life Ins. Soc'y v. Manganaro*, 342 F.3d 1213, 1218 (10th Cir. 2003) (a court should consider an award of attorneys' fees in determining the amount in controversy).

34. Because Plaintiff seeks recovery of the purchase price of his vehicle, punitive/treble damages, and attorneys' fees, it is more than "*possible*" that $75,000 is in play. *McPhail*, 529 F.3d at 955. The amount in controversy, thus, exceeds the $75,000 threshold.

35. In the Prayer for Relief, Plaintiff specifies that his request for "rescission and repurchase of the subject vehicle and any incidental, consequential, actual, statutory, and punitive damages, and attorneys' fees" is "not to exceed $74,000." (Compl. Prayer for Relief.) This is a clear attempt to evade removal and one that is not authorized by the Colorado Rules of Civil Procedure. *See* Colo. R. Civ. P. 8(a) ("No dollar amount shall be stated in the prayer or

demand for relief. Relief in the alternative or of several different types may be demanded."). The removal statute permits a defendant to remove despite a demand for less than $75,000 where, as in Colorado, "the State practice . . . does not permit demand for a specific sum." 28 U.S.C. § 1446(c)(2)(A)(ii). Accordingly, Plaintiff's attempt to limit the amount-in-controversy to $74,000 is ineffective.

36. The amount in controversy requirement is thus met, and the matter is removable pursuant to 28 U.S.C. § 1332.

## SUPPLEMENTAL JURISDICTION

37. This Court can exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367 as to any state claims due to the presence of independent federal subject matter jurisdiction.

WHEREFORE, having fulfilled the statutory requirements of removal, Defendant Volkswagen Group of America, Inc. respectfully removes this action from the District Court, Arapahoe County, where it is currently pending, to this Court.

Dated: August 30, 2016

Respectfully submitted,

*s/ Allison R. McLaughlin*
Michael L. O'Donnell
Allison R. McLaughlin
Blake A. Gansborg
Wheeler Trigg O'Donnell LLP
370 Seventeenth Street, Suite 4500
Denver, CO 80202-5647
Telephone:   303.244.1800
Facsimile:    303.244.1879
Email:   odonnell@wtotrial.com
             mclaughlin@wtotrial.com
             gansborg@wtotrial.com

Attorneys for Defendant, Volkswagen Group of America, Inc.

## CERTIFICATE OF SERVICE (CM/ECF)

I HEREBY CERTIFY that on August 30, 2016, I electronically filed the foregoing **NOTICE OF REMOVAL** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following email addresses:

- **Michael L. O'Donnell**
  odonnell@wtotrial.com, pointer@wtotrial.com, shaw@wtotrial.com

- **Allison R. McLaughlin**
  mclaughlin@wtotrial.com, watkins@wtotrial.com

- **Blake A. Gansborg**
  gansborg@wtotrial.com, creasey@wtotrial.com

I FURTHER CERTIFY that counsel for Plaintiff in this action has been served with the foregoing document by U.S. Mail as follows:

Sarah McEahern
Hyde & Swigart
1877 Broadway, Suite 704
Boulder, CO 80302
Email: sm@westcoastlitigation.com


*s/ Allison R. McLaughlin*